133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael BURSHIA, Defendant-Appellant.
 No. 97-30154.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997,**
Decided Dec. 19, 1997.
 
 Before SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Burshia appeals his jury conviction and sentence for voluntary manslaughter, in violation of 18 U.S.C. § 1112. Burshia contends that the district court erred in failing to distinguish adequately the mental state requirements for voluntary and involuntary manslaughter in its instructions to the jury. We have jurisdiction pursuant to 21 U.S.C. § 1291, and we reverse.
 
 
 3
 The government contends that Burshia is barred from appealing the july instruction under the "invited error" doctrine because the instruction was offered by his co-defendant and was not objected to by Burshia. The gove:rnment cites United States v. Miller, 771 F.2d 1219 (9th Cir.1985) for the proposition that an invited error of one defendant applies to all other defendants. We have failed to find how Miller supports this proposition and find no other support for it. However, because Burshia failed to object to the instructions below, we review for plain error. See United States v. Paul, 37 F.3d 496, 499-500 (9th Cir.1994). "A plain error is a highly prejudic;:ual error affecting substantial rights." Id. at 500.
 
 
 4
 In reviewing jury instructions, the relevant inquiry is whether the instructions as a whole were misleading or inadequate to aid the jury's deliberations. See United States v. Moore, 109 F.2d 1436, 1465 (9th Cir.) (en banc), cert. denied, 118 S.Ct. 108 (1997). "If the defendant killed with the mental state required for murder (intent to kill or recklessness with extreme disregard for human life), but the killing occurred in the 'heat of passion' caused by adequate provocation, then the defendant is guilty of voluntary manslaughter." Paul, 37 F.3d at 499. Involuntary manslaughter is an unintentional killing that "evinces a wanton or reckless disregard for human life but not of the extreme nature that will support a finding of malice." Id.; see also United States v. Lesina, 833 F.2d 156, 1518 (9th Cir.1987).
 
 
 5
 Here, the district court, in accordance with the Ninth Circuit model jury instructions, instructed the jury that to find Burshia guilty of committing voluntary manslaughter, the government must prove, in part, that Burshia "either intended to kill [Cloud Boy], but the killing was without malice aforethought, that is, the Defendant acted upon sudden quarrel or heat of passion, or that the Defendant acted with reckless disregard for human life." See Manual of Model Jury Instructions for the Ninth Circuit, § 8.24(c) (1995). In its instruction of involuntary manslaughter, the court told the jury that the government must prove, in part, that Cloud Boy was killed as a result of an act by Burshia that was grossly negligent and caused the death. The court then defined gross negligence as the "wanton or reckless disregard for human life."
 
 
 6
 The voluntary manslaughter instruction was erroneous because it contains the identical mental state requirement as involuntary manslaughter--"reckless disregard for human life." See Lesina, 833 F.d at 157-158. The jury should have been instructed to determine whether Burshia intended to kill Cloud Boy or acted recklessly with "extreme disregard for human life." See Paul, 37 F.3d at 500 (emphasis added). This erroneous instruction created a substantial risk that Burshia was convicted of voluntary manslaughter, even though the jury may have believed the killing was neither intentional nor extremely reckless. See id. We exercise our discretion to correct this error because we believe a miscarriage of justice would otherwise result. Id. Because the district court's failure to properly instruct the jury on the different mental state requirements was plain error, Burshia's conviction for voluntary manslaughter is REVERSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3